**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**RODERICK HENRY,**

    **Defendant.**
_____/

Case No. 00-80128

HONORABLE DENISE PAGE HOOD

**MEMORANDUM OPINION AND ORDER DENYING**
**DEFENDANT'S RULE 33 MOTION**

On January 27, 2005, a jury found Defendant guilty of conspiracy to possess with intent to distribute cocaine. The parties entered a stipulated Order extending the time to file post-conviction motions on February 3, 2005.

This matter is before the Court on Defendant's Rule 33 Motion, filed April 29, 2005. For the reasons set forth below, the Court denies the Motion.

Rule 33 of the Federal Rules of Criminal Procedure provides that a motion for new trial, other than one based on new evidence, may be made within 7 days after the verdict of finding of guilt or within such further time as the court may fix during the 7-day period. Fed. R. Crim. P. 33(b). A district court lacks jurisdiction to consider a motion under Rule 33 if it is filed beyond the 7-day period. *Carlisle v. United States*, 517 U.S. 416, 421 (1996); *United States v. Koehler*, 24 F.3d 867, 869 (6th Cir. 1994); *United States v. Emuegbunam*, 268 F.3d 377, 397 (6th Cir. 2001). Because the Court extended the time limit for Defendant to file a Rule 33 Motion to May 2, 2005, Defendant's Motion is timely.

Rule 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial to that defendant if the interests of justice so require." Fed. R. Crim. P. 33. The decision whether to grant a motion for a new trial is with the sound discretion of the trial court. *See United States v. Console,* 13 F.3d 641, 645 (3d Cir. 1993). A new trial is warranted if trial error had a substantial influence on the jury's verdict. *See Gov't of the Virgin Islands v. Bedford,* 671 F.2d 758, 762 (3d Cir. 1982). When evaluating Rule 33 motions, the trial court need not view the evidence in the light most favorable to the government but instead must exercise its own judgment in evaluating the case. *United States v. Johnson,* 302 F.3d 139, 150 (3d Cir. 2002).

Defendant alleges that the Government's case was "based predominantly, if not solely, on the testimony of six 'cooperating witnesses', also known as 'snitches', each of whom was testifying against the Defendant in return for leniency in his own sentence." (Br. in Supp. of Rule 33 Mot. at 3.) Defendant asserts the weight of the evidence does not support upholding his conviction. "In evaluating a Rule 33 motion based on the weight of the evidence, unlike a sufficiency claim, 'the trial judge can consider the credibility of the witnesses and the weight of the evidence to insure that there is not a miscarriage of justice. It has often been said that he/she sits as a thirteenth juror.'" *United States v. Solorio*, 337 F.3d 580, 589 (6th Cir. 2003) (citing *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988)).

The Court finds there has not been a "miscarriage of justice" in this case. *Solorio*, 337 F.3d at 589. The Government's witnesses, though by no means citizens with unblemished records, all testified credibly during trial. The jury reasonably relied on such testimony (in addition to the other evidence presented by the Government at trial) in reaching their verdict. The weight of the evidence clearly supports Defendant's conviction.

Accordingly,

IT IS ORDERED that Defendant's Rule 33 Motion **[Docket No. 246, filed April 29, 2005]** is DENIED.

    /s/ Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED:   July 13, 2005