UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

v.                                                          Criminal Case No. 00-80128
                                                            Civil Case No. 11-13333
                                                            Honorable Denise Page Hood

RODERICK HENRY,

        Defendant-Petitioner.

_____/

ORDER DENYING 28 U.S.C. § 2255 MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE

I.      INTRODUCTION

This matter is before the Court on Petitioner Roderick Henry's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 **[Docket No. 328, filed July 28, 2011]**. The Respondent filed its response on October 3, 2011 **[Docket No. 332]**. Petitioner replied on December 13, 2011 **[Docket No. 335]**. For the reasons stated below, Petitioner's motion is **DENIED**.

II.     ANALYSIS

Petitioner makes the following allegations: (1) the Government purposely withheld the fact that the cooperating witnesses were housed in the same detention center; (2) counsel was ineffective for failing to subpoena records showing that the cooperating witnesses were housed together; (3) counsel was ineffective in failing to object to Government's closing argument that "vouch[ed] for witness testimony;" and (4) counsel was ineffective in failing to object to introduction of out-of-court statements made by the defense witness' ex-wife.

1

**A.      Standard of Review**

A motion brought pursuant to 28 U.S.C. § 2255 must challenge the constitutionality of

the sentence. *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991).  The petitioner may

allege that the sentence violated the Constitution or laws of the United States; the court lacked

jurisdiction to impose the sentence; the sentence was in excess of the maximum allowed by law;

or subject to collateral attack. *Id.* "To warrant relief under section 2255, a petitioner must

demonstrate the existence of an error of constitutional magnitude which had a substantial and

injurious effect or influence on the guilty plea or the jury's verdict."  *Griffin v. United States*, 330

F.3d 733, 736 (6th Cir. 2003). Relief is only appropriate when the petitioner shows the existence

of "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.*

(quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

To make a collateral attack on a conviction, the petitioner must show "cause and actual

prejudice." *United States v. Frady*, 456 U.S. 152, 167 (1982). The petitioner must demonstrate

that there was "cause" excusing his procedural default and "actual prejudice" as a result of the

errors he now complains of. *Id.* at 168.

**C.      Government's Failure to Disclose Housing of Cooperating Witnesses**

Petitioner argues that the Government intentionally withheld the fact that two witnesses

that testified against him were housed in the same detention center. A defendant does not have a

general constitutional right to discovery. *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir.

2002). The Government has an obligation to disclose information that is both favorable to the

defendant and material to guilt or punishment. *Pennsylvania v. Ritchie*, 480 U.S. 39, 57 (1987)

(citing *United States v. Agurs*, 427 U.S. 97, 96; *Brady v. Maryland*, 373 U.S. 83, 87 (1963)).

2

However, the defense does not have a "general right to pre-trial discovery of evidence impeaching defense witnesses, where the prosecution denies that any such material is exculpatory and material under Brady." *United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988). "No Brady violation exists where a defendant 'knew or should have known the essential facts permitting him to take advantage of any exculpatory information'" *United States v. Clark*, 928 F.2d 733, 738 (6th Cir. 1991) (quoting *United States v. Grossman*, 843 F.2d 78, 85 (2nd Cir. 1988)).

Petitioner has not articulated any basis for why he did not raise this issue in his appeal. Petitioner has not demonstrated "cause" for this procedurally default claim.  Even if Petitioner was able to demonstrate that this claim is appropriate for collateral attack, he has not established a *Brady* violation. As Petitioner points out, this information could have been discovered by a subpoena of prison records. Nor was the fact that these two witnesses were housed in the same detention center material to Petitioner's guilt. Petitioner is not entitled to relief under this claim.

### D.    Ineffective Assistance of Counsel

An ineffective assistance of counsel claim is appropriate for a motion brought pursuant to 28 U.S.C. § 2255.  *United States v. Daniel*, 956 F.2d 540, 543 (6th Cir. 1992) ("Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue."); *Massaro v. United States*, 538 U.S. 500 (2003).  Petitioner's ineffective assistance of counsel claim is properly before the Court. *United States v. Galloway*, 316 F.3d 624, 634 (6th Cir. 2003).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set out the appropriate standard to determine whether an ineffective assistance of counsel claim should prevail. First, Petitioner must show that trial counsel's performance was deficient.  *Id*. at 687.

"This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The standard for attorney performance is "reasonably effective assistance." *Id.* The court must determine "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 689; *see also*, *Campbell v. Coyle*, 260 F.3d 531, 551 (6th Cir. 2001). The *Strickland* Court cautioned that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Second, Petitioner must demonstrate that his defense was prejudiced and, but for the counsel's deficit performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

### 1. Counsel's Failure to Subpoena Jail Records

Petitioner argues that his counsel was ineffective for failing to subpoena records that showed that the cooperating witnesses were housed in the same detention center. There is nothing to indicate that counsel's performance was objectively deficient. The Government asked whether the witnesses had any contact with each other, which was answered in the negative. Defense counsel impeached the witness' testimony regarding memory, prior drug use, plea agreement, and other information. Counsel's failure to ask whether the witnesses were housed together does not amount to objectively defective assistance under the circumstances. Even if Petitioner was able to show that counsel's performance was deficient, Petitioner is unable to show that this information would have more likely than not changed the outcome of the trial.

### 2. Counsel's Failure to Object to the Government's Closing Argument

4

Petitioner argues that defense counsel was ineffective for failure to object to the Government's closing arguments. On appeal, the Sixth Circuit addressed whether the Government improperly vouched for witnesses in its closing arguments and determined that the Government's conduct was not improper. Petitioner now brings this claim a second time under the guise of ineffective assistance of counsel. A motion brought pursuant to section 2255 cannot be used to relitigate an issue that was already considered on appeal "absent highly exceptional circumstances." *Dupont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (quoting *United States v. Brown,* 62 F.3d 1418 (6th Cir. 1995)). The Sixth Circuit has already determined that the Government's conduct was not improper. Petitioner has not presented any evidence showing that highly exceptional circumstances exist to indicate that review is appropriate. Petitioner is not entitled to relief under this claim.

### 3.   Counsel's Failure to Object to Out-of-Court Statements

Petitioner argues that defense counsel was ineffective for failing to object to the Government's introduction of out-of-court statements from the defense witness' ex-wife. Petitioner does not identify any portions of the record with the allegedly inappropriate statements. The Government provides an excerpt from the trial transcript, which the Government believes contains the allegedly offensive statements. *See* Docket No. 229, Trial Tr., 32-34, January 25, 2005.

During the cross examination of defense witness John Henry, the Government asked whether he had heard his ex-wife testify during their divorce proceeding that she saw Petitioner and John Henry bringing bags into the home John Henry and his ex-wife shared. John Henry responded in the negative. John Henry himself did not make any hearsay statements. It appears that Petitioner is objecting to the form of the Government's questions and not the witness'

statements. It is the witness' response and not the attorney's questions that are evidence. The Government indicates that it had the witness' ex-wife's statement and, therefore, a basis for asking whether the witness had knowledge of the testimony. Even if the Government's question was inappropriate, counsel's failure to object to a question that does not call for hearsay does not rise to the level of objectively deficient assistance under the circumstances. Petitioner is not entitled to relief under this claim.

III.    **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 **[Docket No. 328, filed July 28, 2011]** is **DENIED**.

**IT IS FURTHER ORDERED** that this case **[Case No. 00-80128/11-13333]** is **DISMISSED** with prejudice.


Dated:  February 29, 2012          s/Denise Page Hood
                                   DENISE PAGE HOOD
                                   UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of
record on this date, Wednesday, February 29, 2012, by electronic and/or ordinary mail.

                                   s/LaShawn R. Saulsberry
                                   Case Manager