**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

v.                                Criminal Case No. 00-80128
                                Honorable Denise Page Hood

RODERICK HENRY,

        Defendant-Petitioner.

_____/

## <u>ORDER DENYING 28 U.S.C. § 2255 MOTION<br>TO VACATE SENTENCE</u>

## I.    INTRODUCTION

This matter is before the Court on Petitioner Roderick Henry's Motion to Vacate Sentence, pursuant to 28 U.S.C. § 2255 **[Docket No. 338, filed July 18, 2013]**. The Respondent filed its response on September 4, 2013 **[Docket No. 343]**. Petitioner replied on October 7, 2013 **[Docket No. 346]**. For the reasons stated below, Petitioner's motion is **DENIED**.

## II.    ANALYSIS

Petitioner is currently sentenced to 180 months for his conviction of conspiracy to distribute more than five kilograms of cocaine. Petitioner alleges that pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and with clarification by

*Alleyne v. United States*, 133 S. Ct. 2151 (2013), any sentence longer than ten (10) years based on facts not alleged in the Indictment violates the Sixth Amendment. Petitioner requested to be resentenced to the mandatory minimum sentence of ten (10) years, or in the alternative, to be resentenced at base offense level 31 Criminal History Category I for 108 to 135 months.

### A.   Standard of Review

A motion brought pursuant to 28 U.S.C. § 2255 must challenge the constitutionality of the sentence. *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991).  The petitioner may allege that the sentence violated the Constitution or laws of the United States; the court lacked jurisdiction to impose the sentence; the sentence was in excess of the maximum allowed by law; or subject to collateral attack. *Id.* "To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). Relief is only appropriate when the petitioner shows the existence of "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

To make a collateral attack on a conviction, the petitioner must show "cause and actual prejudice." *United States v. Frady*, 456 U.S. 152, 167 (1982). The

petitioner must demonstrate that there was "cause" excusing his procedural default and "actual prejudice" as a result of the errors he now complains of. *Id.* at 168.

"Under § 2244(b)(3), state prisoners… seeking to file a second or successive motion attacking a sentence under 28 U.S.C. § 2255 must request from the court of appeals an order authorizing the district court to entertain the second or successive request." *In re Sims*, 111 F.3d 45, 46 (6th Cir. 1997).  Permission can be obtained if the Petitioner proves:

> 1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [Petitioner] guilty; or 2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *See also In re Sims*, 111 F.3d at 47.

## B.     STANDING

Petitioner filed a Motion to Vacate Sentence under 28 U.S.C. 2255 **[Docket No. 328, filed July 28, 2011]** and the Motion was denied in a February 29, 2012, Order **[Docket No. 336]**.  Petitioner has not sought permission to file a successive request as required under 28 U.S.C. § 2255 (h) (2). Petitioner argues that this Court may determine that *Alleyne* applies retroactively.  The Supreme Court did not indicate that it intended to have *Alleyne* apply retroactively and there are no Sixth Circuit decisions to that effect as well.  Even if *Alleyne* applied retroactively,

3

Petitioner is still required to seek the permission of the Court of Appeals. Petitioner is not entitled to relief under this claim.

## III.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Vacate Sentence, pursuant to 28 U.S.C. § 2255 **[Docket No. 338, filed July 18, 2013]** is **DENIED**.

**IT IS ORDERED** that Petitioner's Motion to be Resentenced in Absentia **[Docket No. 342, filed August 5, 2013]** is deemed **MOOT**.

**IT IS FURTHER ORDERED** that this case **[Case No. 00-80128]** is **DISMISSED** with prejudice.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  January 21, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 21, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager