# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Criminal Case No. 00-80128
                                              Honorable Denise Page Hood

RODERICK HENRY,

    Defendant.

_____/

## ORDER DENYING MOTION FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES UNDER 18 U.S.C. § 3582

This matter is before the Court on Defendant Roderick Henry's Motion for Retroactive Application of Sentencing Guidelines to Drug Offense under 18 U.S.C. § 3582(c)(2). Defendant Henry seeks to reduce his sentence based on the United States Sentencing Commissions' Amendment 782. For the reasons set forth below, the Court denies Defendant's motion.

Defendant was sentenced to 180 months term of imprisonment for his conviction of conspiracy to possess with intent to distribute more than five kilograms of cocaine, followed by 5 years of supervised release. (ECF No. 263, Judgment)

The applicable Sentencing Guidelines are the ones "in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(4)(A)(ii). A federal court "may not modify a term of imprisonment once it has been imposed." *Dillon v. U.S.,* 560 U.S. 817, 819 (2010)(quoting 18 U.S.C. § 3582(c)). An exception is provided "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if such reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* (quoting 18 U.S.C. § 3582(c)(2)). "When the Commission makes a Guideline amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes the trial court to reduce an otherwise final sentence that is based on the amended provision." *Id.* at 821. To satisfy the requirements for a sentence reduction under 18 U.S.C. § 3582(c)(2), "a guideline amendment must have the effect of lowering the defendant's applicable guideline range." *United States v. Riley,* 726 F.3d 756, 758 (6th Cir. 2013). An applicable guideline range is "the range that applies before the sentencing court grants any discretionary departures." *United States v. Pembrook,* 609 F.3d 381, 387 (6th Cir. 2010). A defendant subject to a statutory mandatory minimum sentence is not eligible for reduction if the amendment does not lower a defendant's applicable guideline range. *United States v. Johnson,* 564 F.3d 419, 423 (6th Cir. 2009). A defendant is not eligible for reduction where the original

2

sentence was based on the career-offender guidelines and not the revised guidelines. *Id.* at 422-23.

In 1987, the United States Sentencing Commission adopted a 100 to 1 ratio with regards to treating every gram of crack cocaine as the equivalent of 100 grams of powder cocaine when it first promulgated the United States Sentencing Guidelines ("USSG"). *Kimbrough v. United States,* 522 U.S. 85 (2007). In 2007, the Commission amended the Guidelines to reduce by two levels the base offense level associated with each quantity of crack cocaine. See USSG Supp. App. C, Amdt. 706 (effective Nov. 1, 2007). In 2008, the Commission made the amendment retroactive. *Id.*, Amdt. 713 (effective Mar. 3, 2008).

In 2010, Congress enacted the Fair Sentencing Act ("FSA"), Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010), and the Commission promulgated amendments to the Guidelines to lower penalties for crack cocaine convictions. The FSA increased the amount of crack cocaine necessary to trigger the mandatory minimum sentences for drug offenders. 21 U.S.C. § 841(b)(1). The Sixth Circuit Court of Appeals, in an *en banc* decision, held that teh FSA's "new mandatory minimums do not apply to defendants sentenced before it took effect," and neither the United States Constitution nor § 3582(c)(2) provides a basis for circumventing this interpretation. *United States*

v. *Blewett,* 746 F.3d 647, 650 (6th Cir. 2013) (*en banc*), *cert denied*, 134 S.Ct. 1779 (2014).

In 2014, the Commission issued Amendment 782 to the Sentencing Guidelines, which reduced by two levels the base offense levels for various drug crimes that trigger the statutory mandatory minimum penalties under U.S.S.G. §§ 2D1.1 and 2D1.11. See USSG App. C. Amend. 782, at 64-71 (Supp. 2014). The Commission gave Amendment 782 retroactive effect. See USSG App. C. Amend. 788, at 86-87 (Supp. 2014).

When the Commission makes a Guideline amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes the trial court to reduce an otherwise final sentence that is based on the amended provision. Section 3582(c)(2) permits a court to reduce the term of imprisonment of a defendant who has been senteced based on a sentencing range that has subsequently been lowered by the Commission. 18 U.S.C. § 3582(c)(2). Amendment 782 does not lower a defendant's sentence based on a sentencing range involving other crimes, such as those involved firearms, since the guideline range is not affected by the amendment. *See United States v. Prater,* 766 F.3d 501, 507 (6th Cir. 2014); *United States v. Webb,* 760 F.3d 513, 520 (6th Cir. 2014); *United States v. Braden,* Nos. 15-5294 & 15-5465, 643 F. App'x 531, 2016 WL 909359 (6th Cir. Mar. 10, 2016).

In Defendant's case, the Court sentenced Defendant to 180 months, well below the applciable guideline range of 324 to 405 months based on a Total Offense Level of 41 and Criminal History Category I. If the Court were to consider the two-level reduction of the offense level under Amendment 782, this would give Defendant a Total Offense Level of 39, Criminal History Category I, with a guideline range of 262 to 327 months, which is a much higher revised sentence than the sentence of 180 months imposed by the Court. Defendant is not eligible under Amendment 782 since the Court imposed a variance and non-guideline sentence under 18 U.S.C. § 3553(a).

Accordingly,

IT IS ORDERED that Defendant Roderick Henry's Motion for Retroactive Application of Sentencing Guildines under 18 U.S.C. § 3582 **(ECF No. 349)** is DENIED.

s/Denise Page Hood  
DENISE PAGE HOOD  
Chief United States District Judge

Dated: August 14, 2019